Chief Justice Robertson
deliveiod the Opinion of (he Court.
Samuel Todd sued Ishaw Talbot in chancery, in the Gallatin circuit court, for partition of a tract of land held by them as tenants in common, in the county of Gallatin, and for money alleged to he due from Talbot to Todd, in consideration of Talbot’s interest in the land, and of pay *457 toents by Todd for taxes and improvements. The bid alleges that Todd bought the land from W. ¡3 Waller in 1814, for $3500¡, (which he paid in Au gust, 1814,) and. sold to Talbot An undivided moiety of the tract, for which he covenanted, on the 26'h of October, 1814, to pav one half of the original consideration, to-wit, $1750; that Talbot paid $o'00 on the 26th of October, 1814; $900 on the 26th of October, 1815, and $225 on the 1st of September, 1816, leaving $82 12| still due and unpaid, and which had never been paid; that Todd paid $42 98 cents for taxes on the land in 1816, for one moiety of which ($2l 49 cents) Talbot vyas justly liable to 111m, but had failed to pay: that, pursuant to his contract witli Waller, he had sued one Buckhannon, who was in possession of the land under an adverse claim, and having obtained a judgment of eviction, had to pay him for improvements, $1335, with legal interest thereon from the 24th of November-, 1818: that, Waller having conveyed the legal title to them, as tenants in common, they agreed, after the eviction of Buckhannon, that Talbot should have the lower end of the tract, including the improvements, and would pay to Todd the amount which he had paid for those improvements; and that, in consequence of that agreement, Talbot forthwith entered upofi the lower end of the tract, and had ever since occupied it, and Todd had occupied and improved the other end; but that Talbot had failed to pay any of the aforesaid sums alleged to be due to Todd, and bad virtually refused to make partition of the ¡and according to the agreement.
The subpoena was executed on Talbot in Franklin county, on the 20ih of March, 1828, and after-wards, at the August term, 1828, Talbot having failed to file au answer or enter an appearance, the ■bill was taken for confessed, and a decree was rendered against him for partition, according to the agreement set forth in the hill, and also for the costs of the suit, and for $82 12¿ cents, with legal interest from the 1st of September,’ 18(6; for $21 49 cents, with interest from the 1st of January, 1817, and for $1335, with interest iro n the 24th of November, !818. The commissioners appointed tq *458 make the partition, were directed to divide the land equally, according to quantity and quality, without .regard to improvements, assigning to Talbot the lower and to Todd the upper end, and were also directed to report at the next term the manner of executing the decree; and execution for the sums of money decreed to Todd was expressly authorized by the decree. .
At the succeeding November term, Talbot was permitted by the court to file an answer in the nature of a crossbill. Todd answered, and, among Other things, insisted that the decree was final, and could not, therefore, be opened by the circuit court.
At the November term, IS29, the court, considering the decree, rendered in 1828, final, set aside all subsequent orders and proceedings.
To reverse this last decree, as well as the first, Talbot prosecutes this writ of error, and insists, 1st, that the decree of 1828 was only interlocutory; 2nd, that the circuit court of Gallatin had no ju3'isdicfiort of the money demands; and, 3rd, that the decree is, in many respects, manifestly erroneous and unjust.
These objections to the decree will he briefly considered in the order in which they have been stated.
?. So much of the decree as directs the payment of the costs and of specific sums of money, is clearly and indisputably final, and this part of the decree tends to show that the circuit court understood the remaining part of it, directing the partition, to be final also. The decree is an unit and entire; it is denominated, on its lace, final, and directs the payment of the costs of the suit.
These considerations would not, however, render the whole decree final, if, in its nature and effect, it had been, in any particular, clearly interlocutory. But it se-ems to us that the decree is not clearly interlocutory, but is intrinsically final in every respect, so far as the right to money, and to a partition, and the mode of partition were involved, or were subject to doubt or controversy.
Decree for th# Rfe°lfioRsums ,¡,e t¡m tinned, and for a partition poi’-ts commi6sio¡ ers to make the parp1R(jna°|] rects them to report at next' ^"r^deoide(g that such -ici-reo is- ( nñssionére" make an erroneous rcbequathed^' but it they ’ properly exe.°“e*® is not Bubj-mt to
The decree*recognised and established the defendant’s right to the moiety of the i.uul claimed in his bill, as resulting to him in equity, from the alleged contract between him and the plaintiff, and directed a partition accordingly, and a report of it at the next term. The decree adjusted, the rights of the parties, and all that remained to he done, was to ex* eente and carry into complete effect, that which had been settled bv the eburt. Had the commissioners . made a partition pursuant to the decree, and reported it at the next succeeding term as required, the partition, as decreed and as thus effectuated, would have been irrevocable by the same court. After the expiration of the term.at which the decree was rentiered, the only power- of the court was to enforce tiie decree. If the commissioners had made an erroneous division, their report might have been quashed; but if they had properly executed the tiecree, their partition would not have been subject to correction by the court-. The act enjoined on them was ministerial, and the decree required its per* formance before the next term. We deem such a decree as essentially final, as would be a.decree, direnting commissioners to make a- conveyance,- and report the deed at the next term.- It seems to have been deemed final by the chancellor when he ren dered it; it possesses the distinctive attributes of a final decree; in its essence and effect it finally adjusted the rights of the parties, and was, therefore,; a final decree.
II. The jurisdiction of the circuit .court of Gab lalin over the whole case, as presented by the bill, and settled by the decree,., may bo sustained on two grounds: 1st. The defendant liad an. equitable Herr on the plaintiff’s interest in the-land, and though the bill contains no specific prayer for enforcing such a lien, still, as there is a prayer for partition accord* ing to equitable principles, and for a decree for the money demands asserted in the bill, the prayer for general relief according to the rights of the parties and the justice of the case, was sufficient to have authorized an enforcement of the equitable lien, had t he defendant desired a decree to that efiect. 2nd. ílaving jurisdiction to decree a partition, the circuit *460 court of Gallatin had ample jurisdiction to effecttu. ate that partition according to all the rights inci-’ ./(entaily affecting it, and to take cognizance of all matters incident to, or resulting from the origina} Contract by which the plaintiff acquired his inteiest, or from the contract of partition alleged to have been made between the parties: moreover, the decree is virtually for a specif c execution. Wherefore, according to the allegations of the bill, the circuit court of Gallatin had jurisdiction to render the decree which it pronounced in 1828.
On partition of land allowance of current interest on the limón nt paid, by one tenant in common, for improvements and taxes on the land, decided to 1 e erroneous,
And consequently, the decree of 1S29 was right,
III. Having decided that the decree (of 1828) is final, and that the circuit court liad jurisdiction, it is not permitted to us to examine the merits of the case as presented by the cross bill, and the proceedings subsequent to the filing of it; and we shall not, therefore, intimate whether or not the allegations of the hill would be essentially affected in equity by the cross bill, and subsequent proceedings, if we were allowed to consider them. In revising the decree of 1828, this court is restricted to the allegations of the bill which were properly taken for confessed. Anti we are clearly of the opinion that, admitting those allegations to be true, the decree of 1828 is free from just exception, so far as it directed the mode of partition and the payment of the three several sums of money, with interest, to the date of the decree; to this extent the direct and explicit allegations of the bill, fortified by all proper or necessary exhibits, clearly sustain the decree upon ob; vious principles of equity.
But, in allowing current interest on* the amount paid for improvements and for taxes, the circuit court erred. The decree, with thisexception, must be approved. lit lemanding the case in consequence of this solitary error, we cannot feel authorized, in the exert ise of a sound and regulated judicial discretion, to do more than to direct a proper modification of the decree, so as to render till parts of it such as should be approved. The court having had full and complete jurisdiction; the bill having been properly taken for confessed, and the whole decreCj *461 with only one slight exception, not affecting more fundamental and essential parts of it, beinapproved by this court, it seems to us that it is our, duty, in remanding the case, to direct the circuit court only to rectify the error into which it lias inadvertently fallen, and that we cannot, without an rpuse of a proper discretion, give leave to open the case and make further preparation on the merits.
p *t;or! far'u
Hoggin and Monroe, for plaintiff; Richardson, for defendant.
Wherefore, the decree is reversed and the cause remanded, with instructions to render a decree modofied and rectified according to this opinion.